THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANGELAKOS (HELLAS) S.A., GALLIA GREACA SHIPPING LTD, KONSTANTINOS CHRYSOVERGIS, and TRYFON ANGELOU,<br><br>Defendants. | CASE NO. CR16-0062-JCC<br><br>ORDER ON MOTION TO SUPPRESS |

This matter comes before the Court on the motion by Defendants Angelakos (Hellas) S.A. and Gallia Graeca Shipping Ltd. ("corporate Defendants") to suppress statements made by Defendant Tryfon Angelou (Dkt. No. 66).  For the reasons explained herein, the Court DENIES the motion for lack of standing.

The corporate Defendants seek to suppress Angelou's statements to a United States Coast Guard agent, arguing that Angelou was not read his *Miranda*[1] rights and was questioned without an attorney. (Dkt. No. 66 at 4-5.) The corporate Defendants maintain that they have standing to challenge Angelou's statements, because the charges against them are being pursued on a vicarious basis. (*Id.* at 4.)

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

However, this is contrary to the trend of authority against vicarious assertion of a codefendant's constitutional rights. For example, in *Alderman v. United States*, 394 U.S. 165, 173-74 (1969), the Supreme Court rejected the argument that a defendant has standing to invoke a coconspirator's right against unreasonable searches. The Court reasoned that the "product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence." *Id.* at 171-72. Numerous circuit courts have applied this reasoning in the Fifth Amendment context. *See, e.g.*, *United States v. Fortna*, 796 F.2d 724, 732 (5th Cir. 1986) (finding that appellants lacked standing to join codefendant's motion to quash on basis of attorney-client privilege, "because Fifth and Sixth Amendment rights, like Fourth Amendment rights, are personal in nature and cannot be asserted vicariously"); *Gissendanner v. Wainwright*, 482 F.2d 1293, 1296 n.3 (5th Cir. 1973) (reasoning that "admission of evidence against these appellants which may have been the result of [a codefendant's] inadmissible confession in no way encroaches their right to counsel or privilege against self-incrimination. The exclusionary rule does not provide a basis for asserting these rights in this context."); *Bryson v. United States*, 419 F.2d 695, 698-99 (D.C. Cir. 1969) (holding that appellants lacked standing to challenge a codefendant's confession given in violation of *Miranda*, because "Fifth Amendment rights are, a fortiori, personal rights"); *Bowman v. United States*, 350 F.2d 913, 915-16 (9th Cir. 1965) (rejecting argument that defendants could assert Fifth Amendment right on witness's behalf, because "[i]t has long been settled that the privilege against self-incrimination is personal to the witness").

The corporate Defendants cite no authority to distinguish the present case from the general rule against vicarious assertion of a codefendant's constitutional rights. The Court thus concludes that they lack standing to invoke Angelou's right to counsel. The motion to suppress (Dkt. No. 66) is DENIED.

DATED this 10th day of May 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE